## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | | |
|---|---|---|
| Harold Mitchell, by his Guardian Mary Louise Brown, | ) | Case No.: 4:24-cv-06843-RMG-TER |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ANSWER** |
| Charleston County, Charleston County Sheriff's Office, Kristin Graziano, Wellpath, LLC, Donald Rhodes, MD and John Does (1-8), | ) | **(Jury Trial Demanded)** |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**COME NOW** the Defendants Wellpath, LLC and Donald Rhodes, MD, ("Defendants" or "Wellpath Defendants"), by and through their undersigned attorneys, answering the Complaint of the Plaintiff, would allege and show unto the Court:

### FOR A FIRST DEFENSE

1.      Each and every allegation of the Plaintiff's Complaint not specifically admitted herein is denied.

### FOR A SECOND DEFENSE

2.      The allegations contained within Paragraph 1 of the Plaintiff's Complaint state and/or call for legal conclusions to which no response is required from Defendants. To the extent a response is required, Defendants deny all allegations of deliberate indifference to serious medical needs and excessive force.

3.      Defendants lack sufficient information to admit or deny the allegations of Paragraph 2 of the Complaint.

4.      Defendants lack sufficient information to admit or deny the allegations of Paragraphs 3, 4, and 5.

5.      Answering Paragraph 6, Defendants admit only that Defendant Wellpath LLC is a corporation which provides healthcare services within certain county detention centers in South Carolina. Any remaining allegations within Paragraph 6 are denied.

6.      Defendants lack sufficient information to admit or deny the allegations of Paragraph 7.

7.      Defendants lack sufficient information to admit or deny the allegations of Paragraph 8. To the extent Paragraph 8 alleges wrongdoing by Defendants or by any agent, servant, or employee of Defendants, such allegations are denied.

8.      Paragraphs 9 and 10 contain legal conclusions to which no response is required from Defendants. To the extent a response is required and/or to the extent Paragraphs 9 and 10 may be construed to make allegations against Defendants, the allegations of Paragraphs 9 and 10 are denied.

9.      Defendants do not have sufficient information at this time to admit or deny the allegations of Paragraph 11 and therefore deny the same and demand strict proof thereof. Further answering, these Defendants crave reference to Plaintiff's detention center records and any reliable medical records regarding Plaintiff's medical history prior to March 21, 2022.

10.     Defendants lack sufficient information at this time to admit or deny the allegations of Paragraph 12.

11.     The allegations of Paragraph 13 are denied.

12.     Defendants lack sufficient information to admit or deny the allegations of Paragraph 14 at this time and demand strict proof thereof.

13. The allegations of Paragraph 15 are denied.

14. Defendants lack sufficient information at this time to admit or deny the allegations of Paragraphs 16 and 17, and therefore demand strict proof of the same.

15. The allegations of Paragraph 18 are denied.

16. Paragraph 19 contains legal conclusions to which no response from Defendants is required. To the extent a response is required, Defendants lack sufficient information at this time to admit or deny the allegations of Paragraph 19.

17. The allegations of Paragraphs 20 and 21 are denied.

18. Answering Paragraph 22, Defendants reallege and incorporate by reference all responses in the paragraphs above as if fully repeated herein verbatim.

19. Paragraph 23 contains legal conclusions to which no response is required. To the extent a response is required, the allegations of Paragraph 23 are denied.

20. The allegations of Paragraph 24, including each of its subparts (a – k), are denied.

21. The allegations of Paragraphs 25, 26, and 27 are denied.

22. Answering Paragraph 28, Defendants reallege and incorporate by reference all responses in the paragraphs above as if fully repeated herein verbatim.

23. Defendants lack sufficient information at this time to admit or deny the allegations of Paragraph 29 and therefore demand strict proof of the same.

24. The allegations of Paragraphs 30 and 31 are denied.

25. Answering Paragraph 32, Defendants reallege and incorporate by reference all responses in the paragraphs above as if fully repeated herein verbatim.

26. The allegations of Paragraph 33 are denied.

27. The allegations of Paragraph 34, including each of its subparts (a – i), are denied.

28. The allegations of Paragraph 35 are denied.

29. Answering Plaintiff's prayer for relief as contained in the WHEREFORE Paragraph, Defendants deny that Plaintiff is entitled to recover any of the requested relief.

## FOR A THIRD DEFENSE
### (State Sovereign Immunity)

30. Defendants are agents of the State of South Carolina and/or Charleston County and are, therefore, entitled to sovereign immunity from suit in their official capacities.

## FOR A FOURTH DEFENSE
### (Qualified Immunity)

31. At all times relevant to the allegations in Plaintiff's Complaint, Defendants were engaged in the performance of official duties, acted in good faith, and violated no clearly established constitutional or statutory rights which were known or should have been known to Defendants, and Defendants are therefore entitled to qualified immunity from suit in their individual capacities.

## FOR A FIFTH DEFENSE
### (No Vicarious Liability under 42 U.S.C. § 1983)

32. Defendants are not liable to Plaintiff under 42 U.S.C. § 1983 for the allegations of Plaintiff's Complaint because there is no vicarious liability under Section 1983.

## FOR A SIXTH DEFENSE
### (Only "Persons" Amenable to Suit under 42 U.S.C. § 1983)

33. Defendant Wellpath is not amenable to suit under Plaintiff's Complaint for allegations of constitutional violations under 42 U.S.C. § 1983 because only "persons" may be subject to liability under Section 1983.

## **FOR A SEVENTH DEFENSE**
### **(Failure to Exhaust Administrative Remedies)**

34.     Plaintiff failed to exhaust readily available administrative remedies and therefore Plaintiff's claims are barred by 42 U.S.C. § 1997e(a) Prison Litigation Reform Act.

## **FOR AN EIGHTH DEFENSE**
### **(South Carolina Tort Claims Act Defenses/Immunity)**

35.     Defendants allege that they are immune from civil tort liability pursuant to the Constitution of the State of South Carolina and § 15-78-10, Code of Laws of South Carolina (1976, as amended), et seq., commonly known as the South Carolina Tort Claims Act, except to the limited extent to which sovereign immunity has been waived pursuant thereto.  Defendants, therefore, plead and incorporate herein each defense and limitation contained in the South Carolina Tort Claims Act as fully as if set forth herein verbatim.

## **FOR A NINTH DEFENSE**
### **(Rule 12(b)(4) and 12(b)(5) Insufficient Process and/or Service of Process)**

36.     Defendants allege that Plaintiff has failed to properly serve Defendant with the Summons and Complaint; therefore, they are entitled to dismissal of Plaintiff's Complaint pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure.

## **FOR A TENTH DEFENSE**
### **(Injuries Due to Acts of Plaintiff)**

37.     Defendants allege that any injuries sustained by Plaintiff because of this incident were due to the acts of Plaintiff insofar as the incident complained of was voluntarily initiated by Plaintiff.

## FOR AN ELEVENTH DEFENSE
### (Rule 12(b)(6) FRCP, Failure to State a Claim)

38.     Defendants allege that Plaintiff's Complaint fails to state facts sufficient to state a cause of action, and therefore Defendants are entitled to dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FOR A TWELFTH DEFENSE
### (Discretionary Immunity)

39.     Any acts alleged to have occurred on behalf of said Defendants were made using discretion of the Defendants in spite of their knowledge of reasonable, existing alternatives, and Defendants are therefore entitled to discretionary immunity from this lawsuit.

## FOR A THIRTEENTH DEFENSE
### (Negligence of Others)

40.     That any injuries or damages sustained by the Plaintiff, if any, were due to and caused by the negligence of other persons, firms or corporations over whom these Defendants had no control, and Defendants, therefore, plead the negligence of others as a complete bar to this action.

## FOR A FOURTEENTH DEFENSE
### (Statute of Limitations)

41.     Defendants allege that the claims of Plaintiff are barred by the applicable statutes of limitations which apply to the various claims of Plaintiff as alleged in the Complaint.

## FOR A FIFTEENTH DEFENSE
### (Physical Injury Requirement)

42.     Defendants allege that Plaintiff is barred from suing for mental or emotional injury absent physical injury pursuant to 42 U.S.C. §1997e(e).

## FOR A SIXTEENTH DEFENSE
### (Eleventh Amendment USC Immunity)

43.     Defendants are entitled to immunity under the Eleventh Amendment to the United States Constitution.

## FOR A SEVENTEENTH DEFENSE
### (Res Judicata, Collateral Estoppel, and/or Another Action is Pending for Similar Claim)

44.     Defendant alleges that Plaintiff's claims are barred due to the application of the doctrines of res judicata, collateral estoppel, and/or another action that is the same or essentially similar claim is pending or has been disposed of previously.

## FOR AN EIGHTEENTH DEFENSE
### (Failure to Show Required Elements of Any Cause of Action)

45.     These Defendants would show that Plaintiff fails to show one or more of the required elements of any cause of action that may be alleged in his Complaint, including but not limited to the required elements of a negligence cause of action (including duty, breach, proximate cause, or damages), and, therefore, Plaintiff's Complaint is barred as to these Defendants.

## FOR A NINETEENTH DEFENSE
### (Improper Venue)

46.     Defendants plead the defense of improper venue.

## FOR A TWENTIETH DEFENSE
### (Failure to Properly Plead Injunctive Relief)

47.     Plaintiff has failed to plead the elements necessary to support a claim for injunctive relief, either temporary or permanent, and such relief should, therefore (to the extent requested), be denied.

### FOR A TWENTY-FIRST DEFENSE
**(Comparative Negligence)**

48.    The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

49.    The Defendants would show that such injuries or losses that Plaintiff sustained, if any, were due to and caused by the sole negligence, gross negligence, willfulness, wantonness, carelessness and recklessness of the Plaintiff, combining, concurring and contributing with the negligence, if any, on the part of these Defendants, to such a degree that Plaintiff's recovery is barred by the doctrine of comparative negligence in South Carolina.

### FOR A TWENTY-SECOND DEFENSE
**(Sudden Emergency)**

50.    The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

51.    Even assuming Defendants were negligent in any respect, which is expressly denied, these Defendants would show that the Plaintiff's injuries or losses were the result of and reaction to a sudden emergency over which Defendants had no control and, therefore, Plaintiff's action is barred.

### FOR A TWENTY-THIRD DEFENSE
**(Assumption of the Risk)**

52.    The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

53.    The Defendants would show that the Plaintiff knew of the probable risk of injury or harm resulting from Plaintiff's actions, and therefore, the Defendants would plead the doctrine of assumption of the risk as a complete bar to this action.

## FOR A TWENTY-FOURTH DEFENSE
### (Unavoidable Accident)

54.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

55.     The Defendants would show that such injuries or losses that the Plaintiff sustained, if any, as alleged in Plaintiff's Complaint, were not due to or caused by the negligence on the part of the Defendants, but was rather due to and caused by an unavoidable accident, thereby barring any claim whatsoever.

## FOR A TWENTY-FIFTH DEFENSE
### (Intervening or Superseding Negligence)

56.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

57.     The Defendants would show that such injuries or losses that Plaintiff sustained, if any, as alleged in Plaintiff's Complaint, were not due to or caused by any negligence on the part of the Defendants, but were rather due to and caused by the contributing, concurring, intervening or superseding fault, breach of warranty or act or omission of a third party, over which these Defendants had no control.

## FOR A TWENTY-SIXTH DEFENSE
### (Waiver and Estoppel)

58.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

59.     The Defendants would show that Plaintiff's Complaint is barred by the doctrine of waiver and estoppel.

## FOR A TWENTY-SEVENTH DEFENSE
### (Spoliation)

60.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

61.     The Defendants would show that Plaintiff's Complaint is barred by the doctrine of spoliation.

## FOR A TWENTY-EIGHTH DEFENSE
### (Punitive Damages)

62.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

63.     The Defendants allege that the Plaintiff's claim for punitive damages violates both the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of any meaningful standard and is inconsistent with due process guarantees.

64.     The Defendants allege that the Plaintiff's claim for punitive damages violates the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 3 of the South Carolina Constitution because, even if it could be argued the standard governing the imposition of punitive damages exists, the standard would be void due to vagueness.

65.     The Defendants allege that the Plaintiff's claim for punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of these Defendants.

66.     The Defendants allege that the Plaintiff's claim of punitive damages violates the doctrine of separation of powers and Article I, Section 3 of the South Carolina Constitution because punitive damages are a creation of the Judicial Branch of government which invades the province of the Legislative Branch of government.

67.     Defendants would show, upon information and belief, that the Plaintiff's claim for punitive Damages violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States of America in that it violates the double jeopardy clause in that Defendants could be subjected to multiple awards of punitive damages for the same set of facts; the self-incrimination clause is being violated because Defendants can be compelled to give testimony against itself in a penalty situation such as punitive damages; the assessment of punitive damages by a burden of proof less than beyond a reasonable doubt is violative of the Sixth and Fourteenth Amendments in that punitive damages are a fine or penalty and are, therefore, quasi-criminal in nature; Plaintiff's claim for punitive damages violates Defendants' right to access the courts as guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of punitive damages chills these Defendants' exercise of that right; the Plaintiff's claim for punitive damages violates the Eighth Amendment's guarantee that excessive fines shall not be imposed; the Plaintiff's claim for punitive damages violates both the due process and equal protection clauses of the Fourteenth Amendment in that the standard for awarding either punitive damages is unduly vague and, therefore, violates both procedural and substantive due process safeguards; therefore, the Plaintiff's claim for punitive damages should be dismissed.

68.     Defendants plead all applicable statutory caps on punitive damages, including but not limited to the caps described in S.C. Code Ann. § 15-32-530, *et seq.*, as amended.

69.    Defendants demand bifurcation of the trial phases as to liability and compensatory damages on the one hand versus punitive damages on the other.

## FOR A TWENTY-NINTH DEFENSE
### (Failure to Comply with S.C. Code § 15-79-110, *et seq.*)

70.    The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

71.    The Defendants would show that Plaintiff's claim for negligence is barred due to failure of the Plaintiff to comply with the requirements of South Carolina law for a medical malpractice action as found at S.C. Code § 15-79-110, *et seq.*

## RESERVATION AND NON-WAIVER

72.    Defendants reserve the right to assert, and do not waive, any additional or further defenses as may be revealed by additional information that may be acquired in discovery or otherwise.

**WHEREFORE**, having fully answered, these Defendants pray that the Plaintiff's Complaint be dismissed with costs, for attorney's fees, and for such other and further relief this Court deems just and proper.

The Defendants demand a jury trial.

*Signature Page Follows*

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**


*s/Daniel Q. Atkinson*
Richard E. McLawhorn
Daniel Q. Atkinson
1515 Lady Street
Post Office Box 12129
Columbia, South Carolina 29211
(803) 256-2233

**ATTORNEYS FOR
THE WELLPATH DEFENDANTS**

Columbia, South Carolina

May 27, 2025