IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Harold Mitchell, by his Guardian Mary Louise Brown, <br><br>     Plaintiff, <br> v. <br><br> Charleston County, Charleston County Sheriff's Office, Kristen Graziano, Wellpath, LLC, Donald Rhodes, M.D., and John Does (1-8), <br><br>     Defendants. | Case No. 4:24-cv-6843-RMG <br><br><br> **ORDER** |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge recommending that Defendant Wellpath LLC's motion to dismiss (Dkt. No. 28) be denied. (Dkt. No. 38). The parties were advised that they had 14 days to file written objections to the R & R, and the absence of objections would result in limited clear error review and a waiver of the right to appeal the district court's order. (Dkt. No. 38-1). No party filed objections to the R & R.

**I.**     **Legal Standard: Report & Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in

1

the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II. Discussion

Plaintiff filed suit on November 22, 2024 against various parties for injuries he suffered as a detainee at the Charleston County Detention Center as a result of what he alleged to be deliberate indifference to his medical needs by all Defendants and the negligence of Defendant Wellpath LLC ("Wellpath"). (Dkt. No. 1). Wellpath filed a Suggestion of Bankruptcy on January 6, 2025, indicating that this action was stayed as a result of an order of an order of the United States Bankruptcy Court (S.D. Tex.). (Dkt. No. 12).

As the Magistrate Judge ably sets out in the R & R, Plaintiff's claims asserted directly against Wellpath were discharged in bankruptcy under the Bankruptcy Court's Discharge Plan, but Wellpath was a necessary nominal defendant for any claims that might be collectible against an insurer of Wellpath or the liquidating trust created under the Discharge Plan. (Dkt. No. 38 at 6-7). Consequently, the Magistrate Judge correctly concluded that Wellpath's motion to dismiss should be denied.

## III. Conclusion

In light of the foregoing, the Court **ADOPTS** the R & R as the order of the Court (Dkt. No. 28) and **DENIES** Wellpath's motion to dismiss (Dkt. No. 28).

**AND IT IS SO ORDERED.**

    s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

January 28, 2026
Charleston, South Carolina