**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| Harold Mitchell, by his Guardian Mary Louise Brown, | ) ) ) | Case No.: 4:24-CV-6843-RMG-TER |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **REPLY IN SUPPORT OF MOTION** |
| Charleston County, Charleston County Sheriff's Office, Kristin Graziano, Wellpath, LLC, Donald Rhodes, MD and John Does (1-8) | ) ) ) ) ) | **TO QUASH SUBPOENAS AND/OR FOR PROTECTIVE ORDER** |
| Defendants. | ) ) ) | |
| _____ | ) | |

Defendant Charleston County (the "County") and non-party employees William Tuten ("Tuten") and Barrett J. Tolbert ("Tolbert") (collectively, "Movants"), by and through undersigned counsel, respectfully submit this Reply in further support of their Motion to Quash Subpoenas and/or for Protective Order (ECF No. 50), and in response to Plaintiff's Response in Opposition to Defendant Charleston County's Motion to Quash Subpoena ("Plaintiff's Opposition") (ECF No. 55).

## I.     INTRODUCTION

Plaintiff's Opposition does not cure the fundamental defects inherent in the subpoenas at issue. Rather, it underscores them through its wholehearted reliance on alleged bad acts of a Wellpath principal in a wholly unrelated case separated by time, place, and parties, and, by further failing to establish any nexus to the matter at bar by demonstrating through the record in this case: *what* evidence Plaintiff has to show a financial benefit was received by Tuten or Tolbert; *what* depositions taken in this matter demonstrate any hint of impropriety by Tuten or Tolbert*; who* Tuten or Tolbert are thought to have received any personal financial benefit from, whether an individual or entity; *when*

1

the insinuated financial impropriety was engaged in by Tuten or Tolbert; *how* Tuten or Tolbert engaged in the insinuated financial impropriety; or *why* Tuten or Tolbert had reason, motive or need to engage in the insinuated financial impropriety. The lack of such foundation in Plaintiff's Opposition renders it an empty vessel providing no support for either subpoena. The Court should quash the subpoenas and enter a protective order prohibiting further discovery of this nature.

The subpoenas seek sweeping production of five (5) years of personal financial records belonging to two non-party public officials – who are not named defendants, who possess no personal stake in the litigation, and whose private financial affairs bear no cognizable nexus to the claims asserted in this action. Unable to articulate any concrete evidentiary basis for such intrusive discovery, Plaintiff instead advances a speculative theory, spun by innuendo, of potential impropriety grounded in conjecture, selective deposition testimony, and references to unrelated third-party conduct. (ECF No. 55.) Plaintiff's approach falls well short of the governing standards under Federal Rules of Civil Procedure 26 and 45, that require a particularized showing of relevance and proportionality. These standards are applied with heightened scrutiny where discovery targets non-parties, like Tuten and Tolbert, and implicate sensitive personal information, including financial information. See *Virginia Department of Corrections v. Jordan*, 921 F.3d 180, 188 to 190 (4th Cir. 2019); *Safelite Group, Inc. v. Hall*, 2023 U.S. Dist. LEXIS 241555, at *5-7 (D.S.C. Nov. 17, 2023).

## II. PLAINTIFF FAILS TO DEMONSTRATE THAT THE REQUESTED FINANCIAL RECORDS ARE RELEVANT TO ANY CLAIM OR DEFENSE

### A. The Subpoenas Seek Categorically Irrelevant Information Untethered to the Pleadings.

The subpoenas demand production of "all personal financial records" for the period January 1, 2019, through December 31, 2023. By their plain terms, the subpoenas encompass *every* document that has *anything* to do with the personal finances of Tuten and Tolbert over a five-year period.

At its core, this litigation concerns allegations of deliberate indifference to medical needs and constitutional violations in a detention setting. The operative pleadings do not assert claims for fraud, bribery, corruption, or financial misconduct. Nor do the operative pleadings allege that either Tuten, Tolbert or any other County official engaged in any personal financial wrongdoing.

Despite this absence of pleaded claims, Plaintiff attempts to justify the subpoenas by hypothesizing that financial records *might* reveal some unknown, unidentified, undisclosed impropriety relating to a public contract. (ECF No. 55.) Plaintiff identifies no evidence, either direct or circumstantial, supporting such an inference. Instead, Plaintiff relies on generalized assertions about procurement processes and extrapolations from unrelated conduct involving third parties in different jurisdictions.

This is insufficient as a matter of law. Discovery is not a license to rummage through an individual's private financial affairs in the hope that something of relevance might emerge. See *Nicholas v. Wyndham International, Inc.*, 373 F.3d 537, 543 (4th Cir. 2004). Courts require that the information sought have, and that the requesting party shows, a likely not just theoretical, benefit to the claims or defenses at issue. See *Jordan*,

921 F.3d at 189. Plaintiff's theory of relevance is purely speculative and cannot justify compelled disclosure of confidential financial records belonging to non-parties.

### B. Plaintiff's Reliance on Selective Testimony and Unrelated Allegations Does Not Establish Relevance

Plaintiff's Opposition relies heavily on isolated excerpts of deposition testimony concerning general procurement processes and then attempts to extrapolate by insinuation those excerpts into a broader narrative of alleged impropriety by Tuten and Tolbert. (ECF No. 55; p. 5-13.) Plaintiff's effort is unavailing. Nothing within testimony cited by Plaintiff establishes, or even plausibly suggests, that either Tuten or Tolbert received any improper financial benefit or engaged in any financially motivated conduct arising from the negotiation or administration of the Wellpath, LLC, contract.

Plaintiff further attempts to bolster this speculative theory by invoking unrelated enforcement actions and historical allegations involving third parties in entirely different jurisdictions, and Plaintiff makes no link between those third parties, Tuten and Tolbert. Such references do not render the requested discovery relevant to the claims at issue in this case. Courts consistently reject attempts to justify intrusive discovery based on conjecture, inference stacking, or guilt by association, rather than evidence meaningfully tied to the operative claims. See *Cook v. Howard*, 484 F. Appx. 805, 812 (4th Cir. 2012).

Accordingly, Plaintiff fails to demonstrate any cognizable nexus, whether direct or indirect, between the sweeping personal financial records sought and the claims or defenses in this litigation.

### III. THE SUBPOENAS ARE FACIALLY OVERBROAD AND DISPROPORTIONATE TO THE NEEDS OF THE CASE UNDER RULE 26(b)(1)

Even assuming, without conceding, that Plaintiff demonstrated some marginal relevance, the subpoenas cannot be reconciled with the proportionality mandate in Rule

26(b)(1). On the contrary, the subpoenas are not narrowly tailored in any respect; rather, they seek the entirety of Tuten's and Tolbert's personal financial history over a five-year period, without limitation as to subject matter, transaction type, or connection to any issue in dispute. Such sweeping demands are the antithesis of proportional discovery as contemplated by the Federal Rules of Civil Procedure.

Rule 26(b)(1) requires courts to assess whether "the burden or expense of the proposed discovery outweighs its likely benefit," considering the needs of the case and the importance of the information sought. The Fourth Circuit makes clear that proportionality is not a perfunctory consideration but a substantive limitation on discovery, particularly where the asserted benefit is speculative or attenuated. *Virginia Dep't of Corr. v. Jordan,* 921 F.3d 180, 188 to 190 (4th Cir. 2019).

The limitation carries even greater force where, as here, discovery is directed at non-parties. Courts must afford "special weight" to the burden imposed on individuals who are strangers to the litigation and lack any stake in its outcome. *Safelite Grp., Inc. v. Hall*, 2023 U.S. Dist. LEXIS 241555 at *6-7 (D.S.C. Nov. 17, 2023). Accordingly, discovery directed to non-parties must be carefully circumscribed and supported by a clear showing of need.

Plaintiff makes no such showing. The subpoenas impose a significant burden, requiring the collection and production of expansive categories of highly sensitive financial information, while offering, at best, speculative evidentiary value. Indeed, Plaintiff does not meaningfully engage with the proportionality factors or explain why such intrusive discovery is necessary to advance any claim or defense.

Under these circumstances, the imbalance between burden and likely benefit is both clear and dispositive. The subpoenas are facially disproportionate to the needs of the case and should be quashed and/or prohibited by protective order.

## IV.    THE SUBPOENAS IMPOSE AN UNDUE BURDEN AND INVADE SIGNIFICANT PRIVACY INTERESTS

Rule 45 mandates that a court quash or modify any subpoena that subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). In evaluating that burden, courts apply the same relevance and proportionality standards governing party discovery under Rule 26. See *Alston v. DIRECTV*, *Inc.*, 2017 WL 1665418, at *2 (D.S.C. May 3, 2017); *Singletary v. Sterling Transp. Co.*, Inc., 289 F.R.D. 237, 240 - 241 (E.D. Va. 2012).

The burden imposed here is substantial. Compliance would require Tuten and Tolbert to locate, review, and produce five (5) years of highly sensitive financial materials, including banking records, tax documents, and investment information; financial materials that are not limited to their personal financial information but necessarily contain financial information about others, including family members. This is precisely the type of expansive and intrusive obligation Rule 45 is designed to protect against, particularly where imposed on individuals who are not parties to the litigation.

Rule 26(c) further authorizes the Court, for good cause shown, to issue any order necessary to protect a person from annoyance, embarrassment, oppression, or undue burden or expense. The Supreme Court recognizes that district courts possess broad discretion in determining when a protective order is warranted and the degree of protection required. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). That discretion is especially appropriate where discovery seeks disclosure of personal financial

information, which courts consistently recognize as highly sensitive and deserving of protection.

The burden and intrusion imposed by the subpoenas are not hypothetical. As stated in their sworn affidavits, Tuten's and Tolbert's compliance would require the collection and review of multi-year financial records from numerous sources, imposing a substantial burden on non-parties while exposing highly sensitive personal financial information. (Exhibit A - Tuten Affidavit; Exhibit B - Tolbert Affidavit.) These privacy and security concerns weigh heavily in favor of quashing the subpoenas and imposing a protective order.

Notably, Plaintiff proposes no narrowing limitation, no targeted request, and no meaningful protective safeguard that would mitigate the significant privacy intrusion at issue. Indeed, Plaintiff's Opposition makes no attempt to address any of these issues. Instead, Plaintiff focuses on the subpoenas being limited to a defined time - five (5) years. Where, as demonstrated above, the information sought is irrelevant or at best only marginally related to the claims, the burden imposed is per se undue. See *Safelite Grp., Inc. v. Hall*, 2023 U.S. Dist. LEXIS 241555, at *5 (D.S.C. Nov. 17, 2023). Under these circumstances, both Rule 45 and Rule 26(c) independently support quashing the subpoenas and entering a protective order.

## V. PLAINTIFF HAS FAILED TO IDENTIFY A SPECIFIC NEED FOR THE REQUESTED INFORMATION OR DEMONSTRATE THAT IT CANNOT BE OBTAINED THROUGH LESS INTRUSIVE MEANS

Even assuming Plaintiff could articulate a cognizable argument, beyond the insinuation and conjecture relied upon, linking the requested financial records to the discovery of admissible evidence, the subpoenas remain untenable because Plaintiff has failed to satisfy two fundamental threshold requirements imposed by Rules 26 and 45.

First, Plaintiff does not identify, with any degree of specificity, the particular information sought within the sweeping and undifferentiated category of "all personal financial records." Second, Plaintiff makes no showing that any such information, to the extent it exists, cannot be obtained through more targeted and less intrusive discovery mechanisms.

The Fourth Circuit has made clear that, particularly in the context of non-party discovery, courts must consider not only relevance but also the requesting party's actual need for the information and whether comparable information is available from other sources. *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019). The requesting party must be able to explain why the information sought is necessary and why it cannot be obtained from a party or a more logical source of discovery. *Id.* Plaintiff makes no attempt at any such showing.

Here, Plaintiff does not identify any discrete category of financial information that is material to a claim or defense. Nor does Plaintiff articulate what specific transaction, payment, or financial relationship is purportedly at issue. Instead, Plaintiff seeks sweeping access to five (5) years of personal financial records with *hope* that something of relevance might be uncovered. Such an undifferentiated request underscores the absence of a legitimate evidentiary objective and confirms that the subpoenas are exploratory in nature.

Equally problematic, Plaintiff fails to demonstrate that the information sought is unavailable through less intrusive means. The record shows that Plaintiff has already pursued substantial discovery. Yet Plaintiff offers no explanation as to why any relevant information concerning the procurement process, contractual decision-making, or alleged misconduct could not be obtained through those conventional avenues, or through

8

appropriately tailored discovery directed to parties or other proper record custodians. Moreover, both affiants confirm that any information concerning procurement decisions, contract administration, or related communications resides in Charleston County records and testimony, not in their personal financial accounts, further underscoring that Plaintiff's requested discovery is not only intrusive, but unnecessary. (**Exhibit A** - <u>Tuten Affidavit</u>; **Exhibit B -** <u>Tolbert Affidavit</u>.)

It is apparent that Plaintiff seeks to bypass conventional discovery and proceed directly to the most intrusive form of discovery available, namely, the compelled disclosure of comprehensive personal financial records of non-parties. This approach contravenes the proportionality principles underlying Rules 26 and 45 and disregards the requirement that discovery be tailored to obtain necessary information in the least burdensome manner.

Under these circumstances, Plaintiff's failure to identify a specific evidentiary need and to demonstrate the unavailability of the information from less intrusive sources provides an independent and compelling basis to quash the subpoenas and issue a protective order.

## VI.     CONCLUSION

Plaintiff's Opposition underscores that the subpoenas are not only speculative but wholly untethered from any legitimate evidentiary need. The requests are untethered to the claims or defenses in this action, disproportionate to any asserted need, and impose substantial and unjustified burdens on Tuten and Tolbert while intruding upon protected privacy interests in personal financial information. For the foregoing reasons, and for those set forth in Movants' Motion, Movants respectfully request that this Court quash the

9

subpoenas in their entirety, enter a protective order prohibiting further discovery of this nature, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

SCOTT LAW LLC

By:     s/Christy L. Scott
        Christy L. Scott, Fed. I.D. No. 6215
        Post Office Box 1515, 108 Carn Street
        Walterboro, SC 29488
        (843) 782-4359
        Email: cscott@lawofficeofchristyscott.com

        Attorney for Defendant Charleston County

        **With joinder on behalf of non-party employees of Charleston County:**

        s/ Amanda M. Gaston
        Bob J. Conley (FID #6791)
        Amanda M. Gaston (FID #13771)
        CLAWSON & STAUBES, LLC
        126 Seven Farms Drive, Suite 200
        Charleston, South Carolina 29492
        (843) 577-2026
        bconley@cslaw.com
        agaston@cslaw.com

        Attorneys for William Tuten and Barrett Tolbert

March 24, 2026
Walterboro, South Carolina