**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| Harold Mitchell, by his Guardian Mary Louise Brown, | ) | Case No.: 4:24-CV-6843-RMG-TER |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **NOTICE OF MOTION AND** |
| | ) | **MOTION TO QUASH PLAINTIFF'S** |
| Charleston County, Charleston County | ) | **AMENDED NOTICE OF** |
| Sheriff's Office, Kristin Graziano, | ) | **VIDEOTAPED DEPOSITION OF** |
| Wellpath, LLC, Donald Rhodes, MD | ) | **ABIGAIL DUFFY** |
| and John Does (1-8) | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLEASE TAKE NOTICE THAT** William Tuten and Barrett J. Tolbert (collectively, "Movants"), non-party employees of Defendant Charleston County, by and through undersigned counsel, respectfully give notice and move this Court, pursuant to Rules 1, 26(c), 30, and 45 of the Federal Rules of Civil Procedure, for an Order quashing Plaintiff's Amended Notice of Taking Videotaped Deposition of Abigail Duffy (Exhibit A).

Plaintiff noticed the April 16, 2026, deposition of Abigail Duffy without providing notice to Movants or their counsel. Movants are non-parties whose personal financial affairs are the subject of Plaintiff's pending and contested discovery efforts, and the deposition concerns the same subject matter underlying Movants' Motion to Quash Subpoenas and/or for Protective Order (See ECF Docs. 50, 55 and 56). Movants first appeared in the case in March 2026.

Upon first learning of Ms. Duffy's deposition on the afternoon of April 15, 2026, counsel for Movants spoke to Plaintiff's counsel and requested reasonable accommodations to permit Movants' counsel to attend and participate as noticed. Plaintiff's counsel declined.

Had Movants received notice of Ms. Duffy's noticed deposition, a deposition it appears was originally noticed in January 2026 (Exhibit B), upon Movants appearance in the case in March

1

2026, they would have referenced the scheduled deposition and sought appropriate relief (i.e., permission to attend and participate in Ms. Duffy's deposition) from the Court in connection with their pending Motion to Quash and/or for Protective Order. Instead, Plaintiff seeks to proceed in their absence while developing testimony to support speculative and intrusive discovery directed at Movants seeking five years of Movants' personal financial records, all the while using Ms. Duffy to support their quest for Movants' records. (See ECF Doc. 55.) The lack of notice, coupled with the denial of Movants' request to appear and participate, deprives them of a meaningful opportunity to attend and exercise their right to cross-examine Ms. Duffy, thereby resulting in clear and substantial prejudice, particularly if Plaintiff is later allowed to use Ms. Duffy's scheduled deposition testimony as further support for the subpoena requesting Movants' personal financial records.

Plaintiffs use and rely upon Ms. Duffy to support their subpoenas to Movants for Movants financial records. In this respect, Plaintiffs use Ms. Duffy and her testimony, both prior and prospective, as a "sword." On the other hand, Plaintiffs use and rely upon Movants status in this case as a "shield" to protect them and Ms. Duffy from Movants inquiring about matters related to Movants' pending Motion to Quash and/or for Protective Order.

Adoption of Plaintiff's position would be inconsistent with the core tenants for the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure are required to "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The interpretation and application of the Federal Rules of Civil Procedure in this instance, including Rules 26(c), 30 and 45, along with the correlating application and balancing of equitable principals, like simple fairness, require and allow Movant's participation in the deposition noticed of Ms. Duffy.

2

Undersigned counsel certifies that a good-faith effort was undertaken to resolve the issues raised without judicial intervention. Those efforts were unsuccessful, thereby necessitating the filing of this Motion.

**WHEREFORE**, Movants respectfully request that the Court quash Plaintiff's Amended Notice of Videotaped Deposition of Abigail Duffy and/or grant such other and further relief as the Court deems just and proper.

s/ Amanda M. Gaston
Amanda M. Gaston (FID #13771)
Bob J. Conley (FID #6791)
Clawson & Staubes, LLC
126 Seven Farms Drive, Suite 200
Charleston, South Carolina 29492
Telephone: (843) 577-2026
bconley@cslaw.com
agaston@cslaw.com

ATTORNEYS FOR WILLIAM TUTEN
AND BARRETT J. TOLBERT

April 16, 2026
Charleston, South Carolina

3