LAW OFFICES
**GEDNEY M. HOWE, IV, LLC**
8 CHALMERS STREET
POST OFFICE BOX 1034
CHARLESTON, S.C. 29402
www.gedneyhowe.com

GEDNEY M. HOWE, IV
ALVIN J. HAMMER
MICHAEL A. MONASTRA

TEL: (843) 722-8048
FAX: (843) 722-2140
gedney4@gedneyhowe.com
mmonastra@gedneyhowe.com

April 14, 2026

VIA EMAIL & US MAIL

Christy L. Scott, Esq.
Scott Law Firm, LLC
PO Box 1515
Walterboro, SC 29488
cscott@lawofficeofchristyscott.com

Hugh W. Buyck, Esq.
G. Wade Cooper, Esq.
Buyck Law Firm, LLC
PO Box 2424
Mt. Pleasant, SC 29465-2424
hwb@buyckfirm.com
gwcooper@buyckfirm.com
nina@buyckfirm.com

Richard E. McLawhorn, Jr., Esq.
Mark V. Gende, Esq.
Sweeny, Wingate & Barrow, PA
1515 Columbia, SC 29201
rem@swblaw.com
mvg@swblaw.com

John L. Duffy, III, Esq.
Duffy Law Firm, LLC
PO Box 71346
North Charleston, SC 29415
John@theduffylawfirm.com

Re:     Harold Mitchell, by his Guardian Mary Louise Brown v. Charleston County,
        Charleston County Sheriff's Office, Kristin Graziano, Wellpath, LLC, Donald
        Rhodes, MD and John Does (1-8)
        Case No.: 4:24-cv-06843-RMG-TER

Dear Counsel:

        Enclosed please find Amended Notice of Taking Videotaped Deposition of Abigail Duffy
and Subpoena in the above-referenced matter which will still be held on April 16, 2026 at 10:00
AM but the location has changed to the Duffy Law Firm, LLC, 5110 N Rhett Avenue, North
Charleston, SC 29405.

GEDNEY M. HOWE, JR.
(1914-1981)

GEDNEY M. HOWE, III
(1945-2025)

With kind regards, I am

Sincerely,

*Gedney M. Howe, IV*

Gedney M. Howe, IV

GMH,IV:ks
Enclosure: as stated
Cc:    Timothy C. Kulp, Esq. (via email)
       C. Austin Elliott, Esq. (via email)

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| HAROLD MITCHELL, by his Guardian MARY LOUISE BROWN, | ) ) ) | C/A No.: 4:24-cv-06843-RMG-TER |
| Plaintiff, | ) ) ) | |
| v. | ) ) | AMENDED NOTICE OF TAKING VIDEOTAPED DEPOSITION |
| CHARLESTON COUNTY, CHARLESTON COUNTY SHERIFF'S OFFICE, KRISTIIN GRAZIANO, WELLPATH, LLC, DONALD RHODES, MD and JOHN DOES (1-8), | ) ) ) ) ) | OF ABIGAIL DUFFY |
| Defendant. | ) ) ) | |

PLEASE TAKE NOTICE that the Plaintiff above named, pursuant to Rule 30 of the Federal Rules of Civil Procedure, will take the videotaped deposition of **Abigail Duffy** at **the Duffy Law Firm, LLC, 5110 N Rhett Avenue, North Charleston, South Carolina, 29405, on the 16th day of April, 2026, commencing at 10:00 AM** before a notary public or other officer authorized by law to take such video depositions, at which time you are notified to appear and take part in the aforementioned as you may be advised and shall be fit and proper.

The oral examination(s) will continue from day to day until completed. These deposition(s) are being taken for the purpose of discovery, for use at trial, and all other purposes as are permitted under the rules of this court and all other applicable statutes and laws.

1

Gedney M. Howe, IV (Federal Bar No. 13339)
Michael A. Monastra (Federal Bar No. 13587)
GEDNEY M. HOWE, III, PA
PO Box 1034
Charleston, SC 29402
Phone: 843-722-8048
Fax: 843-722-2140
Email: Gedney4@gedneyhowe.com
Email: Mmonastra@gedneyhowe.com

-and-

Timothy C. Kulp (Federal Bar No. 2403)
C. Austin Elliott (Federal Bar No. 11312)
Kulp & Elliott
116 Church Street
Charleston, SC 29401
P: 843-853-3310
F: 843-853-3390
E: Tim@kulpelliott.com
E: Austin@kulpelliott.com

By: *Gedney M. Howe, IV*
     Attorneys for Plaintiff

April 14, 2026

2

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| HAROLD MITCHELL, by his Guardian MARY LOUISE BROWN, | ) ) ) | CA NO.: 4:24-cv-06843-RMG-TER |
| Plaintiff, | ) ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| CHARLESTON COUNTY, CHARLESTON COUNTY SHERIFF'S OFFICE, KRISTIIN GRAZIANO, WELLPATH, LLC, DONALD RHODES, MD and JOHN DOES (1-8), | ) ) ) ) ) | |
| Defendant. | ) ) ) | |

The undersigned counsel for Plaintiff certifies that on April 14, 2026 he served the within

Amended Notice of Taking Videotaped Deposition of Abigail Duffy and Subpoena by sending a

copy by email to the following counsel listed below:

Christy L. Scott, Esq.
Scott Law Firm, LLC
PO Box 1515
Walterboro, SC 29488
cscott@lawofficeofchristyscott.com

Attorneys for Charleston County


Hugh W. Buyck, Esq.
G. Wade Cooper, Esq.
Nina L. Savas, Esq.
Buyck Law Firm, LLC
Po Box 2424
Mt. Pleasant, SC 29465-2424
hwb@buyckfirm.com
gwcooper@buyckfirm.com
nina@buyckfirm.com

Attorneys for Charleston County Sheriff's Office and Kristen Graziano

3

Richard E. McLawhorn, Jr., Esq.
Mark V. Gende, Esq.
Sweeny, Wingate & Barrow, P.A.
PO Box 12129
Columbia, SC 29211
rem@swblaw.com
mvg@swblaw.com

Attorneys for Defendants Wellpath, LLC
and Donald Rhodes, MD

John L. Duffy, III, Esq.
Duffy Law Firm, LLC
PO Box 71346
North Charleston, SC 29415
John@theduffylawfirm.com

Attorneys for Abigail Duffy

Gedney M. Howe, IV (SC Bar #104669)
Gedney M. Howe, IV, LLC
P.O. Box 1034
Charleston, SC 29402

By: *Gedney M. Howe, IV*
Attorneys for Plaintiff

4

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

_____ District of _____

<table>
<tr><td></td><td>)</td><td></td></tr>
<tr><td><i>Plaintiff</i></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>Civil Action No.</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td><i>Defendant</i></td><td>)</td><td></td></tr>
</table>

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:

_____

*(Name of person to whom this subpoena is directed)*

❐  Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

<table>
<tr><td>Place:</td><td>Date and Time:</td></tr>
</table>

The deposition will be recorded by this method: _____

❐  *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

<table>
<tr><td><i>CLERK OF COURT</i></td><td>OR</td><td></td></tr>
<tr><td>_____<br><i>Signature of Clerk or Deputy Clerk</i></td><td></td><td>*Gedney M. Howe, IV*<br>_____<br><i>Attorney's signature</i></td></tr>
</table>

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

_____

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Karen Sudlow*
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).